IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BLACK, | ) | CASE NO. 4:13 CV 167 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| STATE OF OHIO, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the amended *pro se* petition of Michael L. Black for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Black is currently incarcerated by the United States at the federal correctional facility in Texarkana, Texas, and was incarcerated by the United States at the United States penitentiary in Marion, Illinois, at the time both the petition and the amended petition were filed.[3] The State, in its return of the writ, argues, *inter alia*, that the petition should be dismissed because Black is not in custody for the conviction

---

[1] ECF # 9.

[2] ECF # 7.

[3] ECF # 1 at 26 (first petition); ECF # 7 at 1 (amended petition).

challenged in the petition[4] and because the petition is untimely.[5] Black has filed a traverse[6] and a supplement to the traverse.[7]

For the reasons stated below, I will recommend that the petition be dismissed because Black was not "in custody" for the challenged offense when the petition was filed, or, alternatively, be dismissed as time-barred.

## Facts

The facts relevant to adjudicating the motion to dismiss are simply stated.

The underlying matter arises out of police "sting" operation whereby Black, then age 54, was arrested in Ohio after traveling from his home in Kentucky with the intent of meeting what he believed was a 15-year old girl for sex.[8] Actually, the "girl," with whom Black was in contact by cell phone and in online chat, was a creation of officers of the New Waterford, Ohio, police department.[9]

---

[4] ECF # 14 at 20-22.

[5] *Id*. at 18-20. The State also, alternatively, contends that the petition should be denied as without merit. For the reasons stated above, the alternative analysis will not be addressed here.

[6] ECF # 20.

[7] ECF # 21.

[8] ECF # 15 (state court record) at 1.

[9] *Id.*

In May, 2004, pursuant to a plea agreement, Black pled guilty to one count of importuning, a fifth-degree felony, in the Columbiana County Court of Common Pleas.[10] On that same day, and also under the plea agreement, Black was sentenced to six months in prison, was found to be a "sexually oriented offender" and so required to register as such, and was made subject to possible post-release control.[11] Black did not file a direct appeal.

Nearly five years after the imposition of the sentence, and well after the completion of the six-month period of incarceration, Black, *pro se*, filed a motion to withdraw his plea on January 28, 2009.[12] From that point, until the Ohio Supreme Court in October, 2011, denied leave to appeal and dismissed Black's appeal from an Ohio appeals court decision dismissing a challenge to the constitutionality of the investigation, Black unsuccessfully pursued various legal avenues seeking to overturn his plea and conviction.[13]

On January 16, 2013, Black initially filed the original petition for habeas relief.[14] After this Court ordered him to file an amended petition,[15] Black filed the present amended petition on February 26, 2013.[16] In it, he asserts a single ground for relief:

---

[10] *Id.* at 40-41.

[11] *Id.*

[12] *Id.* at 43.

[13] *See*, ECF # 14 at 9-14 (citing record).

[14] ECF # 1. This is the date the petition was placed into the prison mail system.

[15] ECF # 3.

[16] ECF # 7. Again, this is the date the petition was placed into the prison mail system.

**Ground One:** "Petitioner Michael L. Black's guilty plea was not entered knowingly and intelligently in accordance with the Federal standard that govern the entry of guilty pleas for criminal offenses."

**Supporting Facts:** "The supporting facts are provided in the 'Petition for a Writ of Habeas Corpus' already filed with the United States District Court for the Northern District of Ohio, Case No. 4:13-cv-00167-CAB, Docket Entry no. 1."[17]

## Analysis

Because a federal habeas court is without jurisdiction to consider a petition from a person not in custody pursuant to the judgment of a state court at issue in the petition, I will address the State's arguments on that issue first, and then consider the claim that the present petition is untimely.

### A. Black is not "in custody" for jurisdictional purposes.

The State argues that Black is not "in custody" as required by the applicable statute because the sixth-month sentence associated with this conviction was served in 2004, and any possible post-release control would have ended in 2009.[18] Moreover, the State contends, Black cannot be "in custody" because he is required to register in Ohio as a sex offender.[19]

As the case authority makes plain, the statute requires that, at the time the petition is filed, the petitioner be "in custody" under the conviction and sentence under attack in the

---

[17] *Id.* at 3.

[18] ECF # 14 at 21.

[19] *Id.* (citations omitted).

petition.[20] While being incarcerated on a conviction for another offense which sentence was enhanced by an earlier, expired sentence may, as the Supreme Court held in *Lackawanna County District Attorney v. Coss*,[21] be sufficient to establish the petitioner's "custody" under the earlier conviction, that situation does not apply when the earlier conviction is itself no longer open to direct or collateral attack.[22]

Here, as noted, Black's sentence is fully expired, and he is currently in custody on a federal conviction for receipt, possession, distribution, and transportation of child pornography, as well as for the attempted use of a minor to produce child pornography.[23] Moreover, his 2004 state conviction purportedly at issue here is no longer open to direct or collateral attack, as is evidenced by the decisions of the Ohio courts in denying his attempts to do so between 2009 and 2011. Thus, under the Supreme Court's teaching in *Coss*, even if this conviction was used to enhance the sentence he is now serving, that conviction is "conclusively valid," and so Black "may not challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained."[24]

---

[20] *Steverson v. Summers*, 258 F. 3d 520, 522 (6th Cir. 2001) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).

[21] *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394 (2001).

[22] *Id.* at 403-04.

[23] *See*, ECF # 14 at 20 n.4.

[24] *Coss*, 532 U.S. at 403-04. *Coss* does recognize an exception to this rule when the defendant in the original matter was not appointed counsel. This circumstance, however, does not apply here, where Black did have counsel representing him during the plea negotiations and at sentencing.

Accordingly, because Black was not "in custody" under the conviction challenged at the time the petition was filed, I recommend dismissing this petition for lack of subject matter jurisdiction.[25]

**B.     Black's petition is time-barred.**

If the Court does not accept the recommendation to dismiss this petition for lack of subject matter jurisdiction because it was filed when Black was not in custody under the conviction challenged, I recommend, alternatively, that the petition be dismissed as time-barred.

As the sequence of events set forth above establishes, Black was convicted and sentenced on May 24, 2004. The sentence became final 30 days later on June 23, 2004, causing the federal limitations period to begin running the next day. That period would have run from June 24, 2004, until June 24, 2005, when it would have expired. However, Black did nothing to pursue his claim that his plea was not knowing and voluntary for almost five years, only filing his motion to withdraw the plea on January 28, 2009 – when the statutory one-year limitations period had long since expired.

As the State points out, because the limitations period had lapsed, none of Black's subsequent actions in Ohio courts, which were all filed well after 2005, had any effect on the statute of limitations.[26] Moreover, nothing in Black's single claim for relief establishes any

---

[25] *See*, *Steverso*n, 258 F.3d at 525.

[26] ECF # 14 at 18.

basis for equitable tolling, since whatever alleged difficulties that may have rendered his plea invalid at the time were known – or should have been known – to Black at that time.

## Conclusion

For the reasons stated, I recommend that the pro se petition of Michael L. Black for a writ of habeas corpus be dismissed for want of jurisdiction or, alternatively, as time-barred.

Dated: September 30, 2014          s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[27]

---

[27] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).