UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BLACK, | ) | CASE NO. 4:13CV167 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| STATE OF OHIO, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Michael L. Black's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1) and Amended Petition Under 28 U.S.C. §2254 (ECF #7). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and

1

detailed discussion of the facts.

On February 27, 2004, Petitioner was indicted by the Columbiana County grand jury on one count of Attempted Unlawful Sexual Conduct with a Minor and one count of Importuning. On May 21, 2004, Petitioner pled guilty to one count of Importuning and was immediately sentenced to six months in prison. The trial court also found Petitioner to be a Sexually Oriented Offender with a duty to register with the local authorities and imposed Post Release Control. On January 28, 2009, and March 23, 2009, almost five years after being sentenced, Petitioner filed a Motion to Withdraw Plea. On April 27, 2009, the trial court denied plea withdrawal, finding that the matter was moot where Petitioner had served his sentence. Petitioner proceeded to file various motions and appeals, all of which were denied.

Petitioner filed the instant Petition on April 4, 2013, asserting the following ground for relief:

> **GROUND ONE:** Petitioner Michael L. Black's guilty plea was not entered knowingly and intelligently in accordance with the Federal standard that govern the entry of guilty pleas for criminal offenses.

On June 13, 2013, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on September 30, 2014. On October 22, 2014, Petitioner filed Objections to the Magistrate's Report and Recommendation.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law

as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

Respondent asserts that the Petition should be dismissed because Petitioner is not in custody for the conviction challenged in the Petition and because the Petition is untimely. In his Objections, Petitioner contends that because he has to register as a sex offender for fifteen years he is still considered in custody, and that he is innocent of the charge.

In his Report and Recommendation, the Magistrate Judge points out that Petitioner's sentence is fully expired and he is currently serving a thirty year sentence

on a federal conviction for Receipt, Possession, Distribution and Transportation of Child Pornography and for the Attempted Use of a Minor to Produce Child Pornography. That sentence was imposed long after the expiration of the sentence he is challenging here. Petitioner's 2004 state conviction purportedly at issue here is no longer open to direct or collateral attack.

Under 28 U.S.C. § 2254, the federal habeas court only has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." See 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"); *Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1129 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Id.* at 1129.

The Court agrees with the Magistrate Judge's conclusion that Petitioner is not in custody pursuant to the challenged conviction. Therefore, this Petition is dismissed for lack of subject matter jurisdiction. There is no need for further review of the merits of the Petition.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28

U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

       IT IS SO ORDERED.

Date:11/14/2014
                          s/Christopher A. Boyko
                          CHRISTOPHER A. BOYKO
                          United States District Judge